## Birl v. Birl

*Joseph T. LaBrum, Jr.*, for plaintiff.
*Max W. Gibbs*, for defendant.

DIGGINS, J., January 11, 1961.—Plaintiff and defendants were residents of the Township of Upper Darby in Delaware County, where they had lived as man and wife. Plaintiff instituted an action in divorce a mensa et thoro. Thereafter, on November 13, 1959,

pursuant to petition of plaintiff, this court, after hearing, entered an order requiring defendant to pay plaintiff the sum of $150 on account of counsel fees and costs and alimony pendente lite in the sum of $125 per month until further order of the court. Defendant became delinquent in this order; indeed, paid nothing.

Then, on June 9, 1960, this court entered a decree granting plaintiff a divorce a mensa et thoro and ordered defendant to pay to plaintiff the sum of $300 per month as permanent alimony for her maintenance and support. This also was not paid and on July 11, 1960, plaintiff filed a praecipe for writ of attachment execution on the aforesaid judgment, together with interrogatories, upon defendant husband's employer, National Cash Register Company, as garnishee, and attachment was had by service of the writ on July 18, 1960.

The garnishee made no appearance and on August 11, 1960, judgment was taken against the garnishee for failure to file an answer to the interrogatories and thereafter the sum of $300 per month has been paid by the garnishee out of the wages of the husband. There is also pending in this court a petition to reduce this permanent alimony but that matter is not before us in this issue.

The issue here is raised by defendant's rule to show cause why the attachment execution should not be vacated and quashed, and he cites in support thereof two principal grounds: (1) That salary and wages of defendant husband are not the subject of garnishee attachment, and (2) that the salary and wages of defendant husband residing outside the Commonwealth of Pennsylvania cannot be garnisheed by attachment execution to satisfy an award of permanent alimony.

Defendant relies on the Act of April 15, 1845, P. L. 459, 42 PS §886, which provides: "That the wages of

any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer," and defendant contends that unless there is some specific statute which eliminates this provision in the law or makes this attachment an exception, then the attachment cannot lie.

However, The Divorce Law, Act of May 2, 1929, P. L. 1237, sec. 47, 23 PS §47, specifically provides that the courts may enforce their decrees for alimony by attachment, and if this does not fully exempt alimony attachment from the limitations of the Act of April 15, 1845, supra, then it seems to us that the Act of May 10, 1921, P. L. 434, sec. 1, 48 PS §136, does, viz:

". . . Whenever any court of competent jurisdiction has made an order or entered a decree or judgment against any husband requiring him to pay any sum or sums for the support of his wife or children or both, the court may issue the appropriate writ of execution against any property, real or personal, belonging to the defendant to enforce the said order, decree, or judgment, and the said court may issue a writ of attachment execution, or writ in the nature of attachment execution, against any money or property to which said husband is entitled, whether under what is known as a spendthrift trust or otherwise; . . . and, in cases where the order, decree, or judgment requires the payment of stated sums at stated intervals, said writ of attachment execution shall remain a lien and continuing levy until the last payment due under such order, decree, or judgment has been made, with costs. The person against whom such an order, decree, or judgment is made shall not be entitled to the benefits of any exemption law now in force or hereafter passed. . . ."

Defendant answers this by pointing to the language in Lippincott v. Lippincott, 349 Pa. 501, at page 506,

wherein the court said that the Act of 1921 does not apply to a " 'former wife,' " " 'divorced wife' " or " 'ex-wife.' " With the reasoning in this case, we have no quarrel. There, they were speaking of situations where a divorce a vinculo had been had. Here, there is no such divorce, but rather a divorce a mensa et thoro, and in Rudolph's Estate, 128 Pa. Superior Ct. 459, Judge Rhodes, although not talking about the Act of 1921, defines this type of divorce and says:

"A divorce a mensa et thoro creates a legal separation from bed and board but it does not put an end to the marriage tie; it merely suspends certain mutual rights and obligations of the parties definitely or for a limited time."

There remains no legal impediment to a garnishee attachment for permanent alimony after a divorce a mensa et thoro, and we, therefore, proceed to the next question raised by defendant, to wit, may the salary and wages of defendant husband residing outside the Commonwealth of Pennsylvania be garnisheed by attachment execution to satisfy an award of permanent alimony?

On this question, the facts in the record disclose that defendant husband no longer resides in Pennsylvania but lives in Massachusetts and is employed by a national organization having its principal office in Ohio and doing business, inter alia, in Massachusetts and Pennsylvania, and defendant contends that he now works out of the Massachusetts office. The employer has business offices in Delaware County, and the attachment execution was served on one such business office at 94 West 15th Street, Chester, Pa. So far as the question of defendant living outside the State is concerned, we think this does not in any way affect the right to attach funds belonging to him in Pennsylvania, if service can be had upon the party holding those funds in this jurisdiction. It is the whereabouts

of the garnishee that controls, not the residence of defendant. The rule is:

"To be subject to attachment, the property must be within the jurisdiction of the state, and it has been held that property outside the state cannot be attached by serving a garnishee within the state": 3 P. L. Encyc. §7, page 346.

This, however, is to be interpreted as meaning that if a garnishee has specific property wholly outside the jurisdiction in which defendant has an interest, that specific property cannot be attached in this jurisdiction; but here we have an asset in the hands of the employer belonging to defendant, and defendant would have a right in this jurisdiction to sue the employer here and recover, and if he can in this jurisdiction, then the judgment creditor can. It is the property of the employer that is affected by this attachment and it is said:

"The right of attachment is not limited to property in the hands of defendant, but extends to property of the defendant in the hands of third persons": 3 P. L. Encyc. §16, page 359.

The foregoing, it seems, is exactly what plaintiff did in this case and that is, attached property of defendant in the hands of a third person; the third person here was within the jurisdiction of this court and in its corporate entity, it held property of defendant. Further, it has always been clear in the law that if a creditor were seeking to recover from a corporation whose principal place of business was without the State, he could enforce the claim by service on any business office of the corporation within the State.

There seems to be no valid reason then why this garnishee attachment is not good against the corporate employer in this jurisdiction and, therefore, we make the following

*Order*

And now, to wit, January 11, 1961, the rule to show cause why attachment execution should not be vacated and quashed be and the same is hereby dismissed.

An exception is allowed to defendant.